**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY P. BEAMAN, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and TRANSUNION LLC, <br><br> Defendant. | Case No. 3:21-cv-00314 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681 ET SEQ.** <br><br> **DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

NOW comes ANTHONY P. BEAMAN ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and TRANSUNION LLC ("TransUnion") (collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1681, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California.

**PARTIES**

4. Plaintiff is a consumer and a natural person over-the-age of 18 residing in Oakland, California.

5. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California.

6. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of California. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

7. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html

nationwide basis, including in the State of California. TransUnion's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

8. Defendants acted through its their, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. In 2011, Plaintiff financed the purchase of his automobile through GM Financial, resulting in Plaintiff's incursion of debt ("subject debt").

10. Subsequently, the loan was transferred over to USAA Federal Savings Bank ("USAA").

11. Plaintiff's obligation in connection with the subject debt was extinguished with USAA and so Plaintiff no longer owed anything in connection with the subject debt.

12. Around April 2020, Plaintiff was interested in improving his credit, so he accessed his consumer report, and much to Plaintiff's surprise, Defendants continued to report an "Account Balance" of $4,034.00.

13. Plaintiff was perplexed by this reporting, as the Account should have been reported as "account paid in full" with a $0 balance.

14. Consequently, on April 23, 2020, Plaintiff initiated written credit disputes with Defendants. Specifically, Plaintiff informed Defendants that "USAA FSB acct #107926*** should be reporting a status of closed and should not show a balance . . . . Please update status to show Settled-Paid. Update balance to 0.00."

15. Upon information and belief, USAA received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Defendants. See 15 U.S. Code §1681i(a)(2).

16. Defendants did not respond to Plaintiff's disputes.

17. In spite of the fact that the balance was supposed to show a $0.00 balance, Defendants continued to report the Account Balance as $4.034.00.

18. Plaintiff incurred out of pocket costs by purchasing PrivacyGuard's credit monitoring services.

19. Much to Plaintiff's chagrin, Plaintiff found that Defendants continued to inaccurately report the USAA trade line.

20. Plaintiff's credit report inaccurately showed the "Account Balance" as $4,034.00

21. The reporting of the USAA trade line is patently inaccurate and materially misleading because the trade line pertaining to the Account was to reflect a $0.00 balance.

22. Despite having actual knowledge that Plaintiff had no obligation on the Account and that the Account was to reflect a $0.00 balance on Plaintiff's credit file, Defendants continued to report the "Account Balance" as $4,034.00, along with derogatory information.

23. Any reasonable investigation engaged in by Defendants would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

24. The erroneous reporting of the "Account Balance" paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the "Account Balance" has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor his financial obligations, and is thus a high-risk consumer.

25. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

26. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses,

including the purchase of his credit monitoring through PrivacyGuard, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

27. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his credit files.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

30. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

31. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

32. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

33. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

34. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

35. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

36. Plaintiff provided Experian with all relevant information in his request for investigation to reflect that he had no obligation on the Account and that the "Account Balance" should be $0.00.

37. Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the Account with a balance, when in fact, Plaintiff was no longer obligated to pay on the subject account.

38. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

39. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

40. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to USAA. Upon information and belief, Experian also failed to include all relevant information as part of the notice to USAA regarding Plaintiff's dispute that Experian received from Plaintiff.

41. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the Account.

42. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

43. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from USAA that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

44. Experian knew that the inaccurate reporting of the Account Balance would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

45. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

46. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold and disseminated Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

47. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

48. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

49. Experian's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

50. Experian acted reprehensively and carelessly by reporting and re-reporting the Account Balance after Plaintiff put Experian on notice that the Account Balance was to reflect $0.00.

51. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

52. As stated above, Plaintiff was severely harmed by Experian's conduct.

**WHEREFORE**, Plaintiff, ANTHONY P. BEAMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

53. Plaintiff restate and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

55. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

56. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

57. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

58. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

59. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

60. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

61. Plaintiff provided Equifax with all relevant information in his request for investigation to reflect that he had no obligation on the Account and that the "Account Balance" should be $0.00.

62. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the Account with a balance, when in fact, Plaintiff was no longer obligated to pay on the subject account.

63. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

64. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

65. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to USAA. Upon information and belief, Equifax also failed to include all relevant

information as part of the notice to USAA regarding Plaintiff's dispute that Equifax received from Plaintiff.

66. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

67. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

68. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from USAA that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

69. Equifax knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the USAA trade line with a $4,034.00 balance would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

70. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

71. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

72. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

73. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

74. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

75. Equifax acted reprehensively and carelessly by reporting and re-reporting Plaintiff's "Account Balance" as $4,034.00 after Plaintiff put Equifax on notice that the balance was to reflect a $0.00 balance.

76. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

77. As stated above, Plaintiff was severely harmed by Equifax's conduct.

WHEREFORE, Plaintiff, ANTHONY P. BEAMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRANSUNION)

78. Plaintiff restates and realleges paragraphs 1 through 77 as though fully set forth herein.

79. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

80. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

81. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

82. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

83. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

84. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

85. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

86. Plaintiff provided TransUnion with all relevant information in his request for investigation to reflect that he had no obligation on the Account and that the "Account Balance" should reflect a $0.00 balance.

87. TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the Account with a balance, when in fact, Plaintiff was no longer obligated to pay on the subject account.

88. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

89. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

90. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to USAA. Upon information and belief, TransUnion also failed to include all relevant information as part of the notice to USAA regarding Plaintiff's dispute that TransUnion received from Plaintiff.

91. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

92. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

93. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from USAA that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

94. TransUnion knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the USAA trade line with a $4,034.00 balance would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

95. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

96. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

97. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

98. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

99. TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

100. TransUnion acted reprehensively and carelessly by reporting and re-reporting Plaintiff's "Account Balance" as $4,034.00 after Plaintiff put TransUnion on notice that the balance was to reflect a $0.00 balance.

101. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

102. As stated above, Plaintiff was severely harmed by TransUnion's conduct.

WHEREFORE, Plaintiff, ANTHONY P. BEAMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: January 13, 2021						Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com